# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3401
_____

S.A., Next Friend Angi Allen; L.A., Next Friend Angi Allen; H.B., Next Friend
Julie Beaner; Ad.S, Next Friend Bryan Schave and Brandi Schave; Al.S., Next
Friend Bryan Schave and Brandi Schave; S.D., Next Friend Jennifer Degroot and
Philip Degroot; A.L., Next Friend Nathan Leuning; M.B., Next Friend Joseph
Bilderback; M.D., Next Friend David Denson; M.W., Next Friend Eugene Ware
and Marsha Ware; K.A., Next Friend Cathy Anderson; R.T., Next Friend Luke
Tibbetts and Bobbie Tibbetts

*Plaintiffs - Appellees*

v.

Sioux Falls School District 49-5

*Defendant - Appellant*

Jane Stavem, in her official capacity as Superintendent; Casey Meile, in his official
capacity as Coordinator of Athletics for the Sioux Falls School District No. 49-5

*Defendant*s

------------------------------

American Sports Council; Pacific Legal Foundation

*Amici Curiae*

A Better Balance; California Women's Law Center; Equal Rights Advocates;
Legal Aid at Work; Women's Sports Foundation

*Amici on Behalf of Appellee(s)*
_____

Appeal from United States District Court
for the District of South Dakota - Southern
_____

Submitted: May 9, 2024
Filed: June 28, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, BENTON and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

After Sioux Falls School District 49-5 announced plans to eliminate the girls' gymnastics program and sell the equipment, Plaintiffs, a group of girls and their parents, sued the School District under Title IX of the Education Amendments of 1972. The Plaintiffs sought, and the district court granted, a preliminary injunction prohibiting the School District from eliminating the program and selling the equipment. The School District appealed the preliminary injunction, and, during the pendency of the appeal, the parties reached an interim agreement. The agreement explains, in part, that the School District will provide girls' gymnastics for the next three years and that the Plaintiffs will dismiss this lawsuit. The parties were directed to submit a copy of the agreement to this Court and file supplemental briefs addressing whether it rendered the appeal moot. The parties jointly moved to file this interim agreement under seal.

"The purpose of a preliminary injunction, unlike a permanent one, is to prevent any violation of the plaintiff's rights before the district court enters a final judgment." Ohio v. EPA, 969 F.3d 306, 309 (6th Cir. 2020) (recognizing "the distinction between mootness as to a preliminary-injunction appeal and mootness as to the case as a whole" and noting that "[w]hether th[e] preliminary-injunction appeal is moot . . . depends on whether there remains a reasonable possibility that the [violation will recur] while th[e] case remains pending in the district court"

(citing Univ. of Tex. v. Camenisch, 451 U.S. 390, 394-95 (1981) (recognizing that distinction))); see also id. at 310 (explaining that the voluntary cessation doctrine "depends on whether th[e] conduct can 'reasonably be expected to recur,'" which requires "a fair prospect that the conduct will recur in the foreseeable future" (citation omitted)).

Here, the parties agree that after this Court's decision, the Plaintiffs will dismiss the lawsuit, and the School District has agreed to provide girls' gymnastics through the 2026-27 school year. Given this interim agreement, we find that no reasonable possibility remains that the School District will eliminate the program while the case is pending before the district court, see id. at 309, and a decision on the merits of the district court's preliminary injunction would have no practical effect between now and the imminent dismissal of the lawsuit, see Resurrection Sch. v. Hertel, 35 F.4th 524, 528 (6th Cir. 2022) (en banc).

Accordingly, we grant the parties' joint motion to file the interim agreement under seal, dismiss the appeal of the preliminary injunction as moot, and remand to the district court for proceedings consistent with this opinion.

We also dismiss as moot the School District's motion to withdraw its argument that the district court erred by not requiring security from Plaintiffs when it issued the preliminary injunction against the School District.

_____